**Ida DAMKO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–4830–AG.

United States Court of Appeals, Second Circuit.

April 27, 2006.

Daniel A. Eigerman, Roger J. Bernstein, New York, NY, for Petitioner.

Sarah Y. Lai, Assistant United States Attorney (David N. Kelley, United States Attorney, Kathy S. Marks, Assistant United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Respondent.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES, and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

We previously decided this appeal in a published opinion of November 30, 2005. *See Damko v. INS,* 430 F.3d 626 (2d Cir. 2005). Our previous decision is hereby vacated. Our ultimate result, however, remains the same.

Petitioner Ida Damko, a native and citizen of Albania, petitions this Court for review of an October 29, 2002 order of the BIA affirming, without an opinion, a decision by Immigration Judge Jeffrey C. Chase ("the IJ") that denied petitioner's application for asylum and for withholding of removal under Section 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3). *See In re Damko,* File No. A 78 210 928 (New York, NY, Apr. 2, 2001). Where, as here, the BIA summarily affirmed the IJ's decision, we review the IJ's decision directly as the final agency determination. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006).

At the hearing before the IJ, petitioner testified that, when she was living in Albania in 1973, she was questioned by security agents after acting as an interpreter for visiting relatives from the United States. She was subsequently dismissed from a university where she had been pursuing an engineering degree. In the aftermath of the dismissal, she attempted suicide. For much of the twenty years following her encounter with security agents, petitioner was employed under potentially hazardous industrial conditions to which women generally were not exposed. In 1993, petitioner lost her job, apparently without receiving an explanation.

Despite several minor inconsistencies in petitioner's testimony, the IJ found it credible. The IJ concluded, however, that (1) deprivations suffered by petitioner did not rise to the level of persecution, and, in the alternative, (2) Albania had undergone a significant change in circumstances such that petitioner no longer had a well-founded fear of persecution.

■ We note, as a threshold matter, that petitioner—who was represented by counsel before the BIA—did not challenge the IJ's finding of Albania's "changed conditions" in her appeal to the BIA. Since

exhaustion requirements mandate that asylum applicants "raise issues to the BIA in order to preserve them for judicial review," we may not consider arguments that have not been presented to the BIA. *Cervantes–Ascencio v. INS,* 326 F.3d 83, 87 (2d Cir.2003); *see Foster v. INS,* 376 F.3d 75, 77–78 (2d Cir.2004); 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right....").

Because we affirm the second ground upon which the IJ's decision rested (changed country conditions) as a result of Damko's failure to exhaust her administrative remedies, we need not discuss the first ground relied upon by the IJ and must deny her petition insofar as it seeks reversal of the IJ's denial of her asylum claim.

■ An applicant who, like petitioner, fails to establish her eligibility for asylum is necessarily unable to establish her eligibility for withholding of removal. *See Abankwah v. INS,* 185 F.3d 18, 22 (2d Cir.1999).

\*     \*     \*     \*     \*     \*

We have considered all of petitioner's arguments and found each of them to be without merit. Accordingly, the petition for review is DENIED.