10-1392-ag
Lin v. Holder

BIA
Rohan, IJ
A 095 688 005

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of July, two thousand eleven.

PRESENT:
ROBERT D. SACK,
REENA RAGGI,
PETER W. HALL,
    *Circuit Judges*.

_____

XUE FENG LIN,
        *Petitioner*,

        v.                                    10-1392-ag
                                             NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Dehai Zhang, Flushing, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Douglas E. Ginsburg,
                       Assistant Director; Karen L. Melnik,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xue Feng Lin, a native and citizen of China, seeks review of an April 1, 2010 order of the BIA affirming the June 2, 2008 decision of Immigration Judge ("IJ") Patricia A. Rohan, which denied Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Feng Lin*, No. A095 688 005 (B.I.A. Apr. 1, 2010), *aff'g* No. A095 688 005 (Immig. Ct. N.Y.C. June 2, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

The agency reasonably concluded that Lin did not suffer past persecution based on her mother's forced sterilization. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296,

308 (2d Cir. 2007) (*en banc*) (holding that "applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer"); *Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303, 305 (2d Cir. 2005) (holding that children of people persecuted under a coercive family planning policy are not per se eligible for asylum).  The agency also reasonably concluded that Lin's experiences, including being detained for one day and being unable to register at a vocational school, did not rise to the level of persecution.  *See Joaquin-Porras v. Gonzales*, 435 F.3d 172, 182 (2d Cir. 2006) (upholding agency's determination that applicant was not eligible for withholding of removal based on "brief" detention after which he was released "without harm"); *Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir. 2005) (upholding agency's determination that applicant had not been persecuted where applicant "was detained only briefly, and was not mistreated while in custody"), *overruled on other grounds by Shi Liang Lin*, 494 F.3d at 305; *Damko v. INS*, 430 F.3d 626, 636-37 (2d Cir. 2005) (concluding that applicant's expulsion from university, while "not fair," did not constitute persecution, where it did not result in "economic deprivation so severe that her life or her freedom was threatened"), *vacated on other*

3

*grounds and superseded by Damko v. INS*, 178 F. App'x 85(2nd Cir. 2006). The agency also reasonably concluded that, without a spouse or children, Lin's claim that she fears future persecution because she is of child-bearing age and wants to have children is "speculative," and insufficient to demonstrate a well-founded fear of future persecution. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that, absent solid support in the record for the petitioner's assertion that he would be subjected to forced sterilization, his fear was "speculative at best").

Furthermore, the agency reasonably determined that Lin failed to establish a well-founded fear of persecution or eligibility for CAT relief based on her illegal departure from China. *See Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir. 1992) ("Punishment for violation of a generally applicable criminal law is not persecution.*"); see also Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005) (evidence that some individuals who leave China illegally are imprisoned, and that human rights violations including torture occur in Chinese prisons, is insufficient to establish a clear probability of torture for a particular illegal emigrant); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003) (holding relevant

4

inquiry in determining whether a particular petitioner is eligible for CAT relief is whether someone in the petitioner's "particular alleged circumstances" is more likely than not to be tortured).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk